# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CARMENO SLOJKOWSKI,            )
                               )
        Plaintiff,         )    Case No. 2:12-cv-00907-KJD-CWH
                               )
vs.                            )    **ORDER**
                               )
CLARK COUNTY FAMILY SERVICES, *et al.*,  )
                               )
        Defendants.        )
_____)

This matter is before the Court on Plaintiff's Third Application for Leave to Proceed *in Forma Pauperis* (#14), filed on October 3, 2012. Plaintiff is proceeding in this action *pro se*. On August 6, 2012, the Court denied Plaintiff's First Application to Proceed *in Forma Pauperis* (#1) for failure to include a signed financial certificate. *See* Order #8. On September 5, 2012, the Court denied Plaintiff's Second Application to Proceed *in Forma Pauperis* (#10) for failure to include a signature and date declaring it true and correct under penalty of perjury. *See* Order #13. The Court will now review Plaintiff's Third Application for Leave to Proceed *in Forma Pauperis* (#14).

**I.**     ***In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.**     **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen the complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted

by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curium). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

### A.   Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." It appears as though Plaintiff and Defendant are both citizens of Nevada and Plaintiff alleges $60,000 in damages so there is no diversity jurisdiction.

### B.   Federal Question Jurisdiction

As a general matter, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).

Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Here, Plaintiff alleges civil rights violations under 42 U.S.C. § 1983. A claim under this statute invokes the Court's federal jurisdiction. However, because the Court finds that Plaintiff failed to properly bring a claim under Section 1983 (see discussion below), federal question jurisdiction does not exist at this time.

### C.     Section 1983 Claim

Upon review of the complaint, it appears as though Plaintiff is alleging wrongful interference with custodial rights against the Clark County Family Services and two of its employees, Bree Seaton and Mary Terzian, in violation of the Fourteenth Amendment to the Constitution. To have a claim under Section 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff failed to state sufficient facts to determine whether Bree Seaton and Mary Terzian acted under the color of state law.

Additionally, the Court notes that "the domestic relations exception . . . divests the federal courts of power to issue . . . child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689 (1992); *see also Peterson v. Babbitt*, 708 F.2d 465, 466 (9th cir. 1983) (per curiam) ("[F]ederal courts have uniformly held that they should not adjudicate cases involving domestic relations, including the 'custody of minors and a *fortiori*, rights of visitation."). Here, Plaintiff appears to

seek monetary damages for alleged past breaches of visitation rights.  However, it is a well established principle that federal courts should decline jurisdiction of cases concerning domestic relations when the primary issue concerns the status of parent and child.  *Buechold v. Ortiz*, 401 F.2d 371, 372 (9th Cir. 1968).  The subject matter of domestic relations and particularly child custody problems is generally considered a state law matter.  *Id.*  "The strong state interest in domestic relations matters, the superior competence of state courts in settling family disputes because regulation and supervision of domestic relations within their borders is entrusted to the states, and the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state makes federal abstention in these cases appropriate." *Peterson*, 708 F.2d at 466 (citing *Moore v. Sims,* 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979)).  In conclusion, absent sufficient factual allegations to correct the above-noted subject-matter jurisdiction deficiencies, Plaintiff's claims cannot survive.  As Plaintiff is proceeding *pro se*, the Court will provide Plaintiff with thirty days to amend the complaint.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* (#14) is **granted**.  Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00).  Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1).

**IT IS FURTHER ORDERED** that the Complaint is **dismissed without prejudice** for failure to state a claim upon which relief can be granted with leave to amend.  Plaintiff will have **thirty (30)** days from the date that this Order is entered to file an amended complaint correcting the noted deficiencies.  Failure to comply with this Order may result in the Court recommending that this action be dismissed.

DATED this 28th day of November, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**