# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CARMENO SLOJKOWSKI,

        Plaintiff,

vs.

CLARK COUNTY FAMILY SERVICES, *et al.*,

        Defendants.

Case No. 2:12-cv-00907-KJD-CWH

**FINDINGS AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Amended Complaint (#18), filed on January 2, 2013. Plaintiff is proceeding in this action *pro se*. On November 28, 2012, the Court granted Plaintiff's Third Application for Leave to Proceed *in Forma Pauperis* (#14) and ordered the Clerk of the Court to file Plaintiff's Complaint. In addition, the Court ordered that the Complaint be dismissed without prejudice and granted Plaintiff thirty (30) days to file an amended complaint correcting the noted deficiencies.

**I.  Screening the Amended Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen the complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curium). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Additionally, the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in this case. Therefore, in an amended complaint, each claim and the involvement of the defendant must be sufficiently alleged.

### A. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." It appears as though Plaintiff and Defendant are both citizens of Nevada so there is no diversity jurisdiction.

### B. Federal Question Jurisdiction

As a general matter, federal courts are courts of limited jurisdiction and possess only that

power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Here, Plaintiff alleges civil rights violations under 42 U.S.C. § 1983. A claim under this statute invokes the Court's federal jurisdiction. However, because the Court finds that Plaintiff failed to properly bring a claim under Section 1983 (see discussion below), federal question jurisdiction does not exist.

     **C.**     **Section 1983 Claim**

Upon review of the amended complaint, it appears as though Plaintiff is alleging wrongful interference with custodial rights against the Clark County Family Services and four of its employees in violation of the Fourteenth Amendment to the Constitution. To have a claim under Section 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff failed to state sufficient facts to find that Debra Crowshaw, Mary Terzian, Bree Seaton and Judy Tudor acted under the color of state law because he merely alleged that they acted pursuant to "'customs' and/or 'policies.'" Pl.'s Motion #18, 3.

Additionally, the Court notes that "the domestic relations exception . . . divests the federal courts of power to issue . . . child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689 (1992); *see also Peterson v. Babbitt*, 708 F.2d 465, 466 (9th cir. 1983) (per curiam) ("[F]ederal

3

courts have uniformly held that they should not adjudicate cases involving domestic relations, including the 'custody of minors and a *fortiori*, rights of visitation."). Here, Plaintiff appears to seek monetary damages for alleged past breaches of visitation rights. However, it is a well established principle that federal courts should decline jurisdiction of cases concerning domestic relations when the primary issue concerns the status of parent and child. *Buechold v. Ortiz*, 401 F.2d 371, 372 (9th Cir. 1968). The subject matter of domestic relations and particularly child custody problems is generally considered a state law matter. *Id.* "The strong state interest in domestic relations matters, the superior competence of state courts in settling family disputes because regulation and supervision of domestic relations within their borders is entrusted to the states, and the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state makes federal abstention in these cases appropriate." *Peterson*, 708 F.2d at 466 (citing *Moore v. Sims,* 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979)). Therefore, despite being given leave to amend his complaint, Plaintiff has failed to state a claim upon which relief can be granted.

Based on the foregoing and good cause appearing therefore,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Amended Complaint (#18) be **dismissed with prejudice** because Plaintiff failed to state a claim upon which relief can be granted.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

1     DATED this 8th day of January, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**