# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CARMENO SLOJKOWSKI,

    Plaintiff,

v.

CLARK COUNTY FAMILY SERVICES, *et al*.,

    Defendants.

Case No. 2:12-cv-00907-KJD-CWH

**ORDER**

    Presently before the Court is the Report and Recommendation (#20) of Magistrate Judge C.W. Hoffman, Jr., entered January 8, 2013, recommending that Plaintiff's Amended Complaint be dismissed with prejudice. Plaintiff filed an Objection to the Magistrate Judge's Report and Recommendation (#21) pursuant to Local Rule IB 3-2 of the Local Rules of Practice of the United States District Court of the District of Nevada.

    The Court has conducted a de novo review of the record in this case in accordance with 28 U.S.C. § 636(b)(1) and LR IB 3-2. The Court finds that the Report and Recommendation of the United States Magistrate Judge entered January 8, 2013 should be adopted and affirmed.

    Plaintiff's complaint failed to satisfy the standards set forth in Ashcroft v. Iqbal. 556 U.S. 662 (2009). A court considering dismissal begins by identifying pleadings that are not entitled to the assumption of truth, because they are no more than conclusions. Id. at 679. While legal conclusions

provide the framework of the complaint, they must be supported by factual allegations. Id. at 679. When a complaint contains well-pled factual allegations, a court assumes them to be true and determines whether they state a plausible claim for relief. Id. at 679.  While Plaintiff has alleged that Defendants acted under color of state law, he has not stated sufficient factual allegations to make this conclusion plausible.  Rather than simply stating that Defendants acted pursuant to a custom or policy, Plaintiff should have stated the facts that implicated the existence and character of those customs or policies. If Plaintiff had stated factual allegations that plausibly gave rise to an entitlement to relief, his complaint would have survived dismissal on this ground.

Furthermore, Plaintiff's complaint involves matters unfit for resolution in federal court. Federal courts should not exercise jurisdiction of cases concerning domestic relations when the primary issue concerns the status of parent and child. Beuchold v. Ortiz, 401 F.2d 371, 372 (9th Cir. 1968). "Even when a federal question is presented," as is here, "federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters." Thompson v. Thompson, 798 F.2d 1547, 1558 (9th Cir. 1986). Accordingly, the proper place for Plaintiff to file his action is state court, because states have "superior competence" and interest in resolving domestic disputes. Peterson v. Babbit, 708 F.2d 465, 466 (9th Cir. 1983) (citing Moore v. Sims, 442 U.S. 415 (1979)).

Accordingly, **IT IS HEREBY ORDERED** that Magistrate Judge C.W. Hoffman, Jr.'s Report and Recommendation (#20) is **ADOPTED** and **AFFIRMED**;

IT IS FURTHER ORDERED that Plaintiff's Amended Complaint is **DISMISSED with prejudice**.

DATED this 28th day of June 2013.

_____
Kent J. Dawson
United States District Judge